**KEITH D. KARNES**, Oregon State Bar ID #03352
keith@keithkarnes.com
Karnes Law Offices, PC
1860 Hawthorn Ave NE. Ste. 10
Salem, OR 97301
Telephone (503) 385-8888
Fax (503) 385-8899

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| IN RE:<br><br>SANDRA CORDES<br><br>                        Debtor<br>_____<br>SANDRA CORDES<br><br>                        Plaintiff<br><br>                v.<br><br>FIRST DATA CORPORATION, DBA<br>FIRST DATA GLOBAL LEASING,<br><br>                        Defendant | Case No. 13-34875-tmb13<br><br>Adv. Pro. No.<br><br>COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY |

Plaintiff, by and through her attorney, Keith D. Karnes, alleges the following:

1.

This Adversary Proceeding is one arising out of the debtor's bankruptcy, filed under Chapter 13 of Title 11 now pending in this Court. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 157, §1334, § 1331. The action for violating the Automatic Stay is a core proceeding under 28 U.S.C. § 157.

Page 1- COMPLAINT

2.

This is an action for actual damages, punitive damages, and attorney fees and costs brought by Plaintiff, Sandra Cordes, ("Plaintiff"), against Defendant First Data Corporation, DBA First Data Global Leasing ("First Data") for violating the Automatic Stay of Plaintiff's bankruptcy, 11 U.S.C. § 362.

3.

Prior to Plaintiff's bankruptcy, Plaintiff obtained a lease with Bank of America Merchant Services for use of a point of sale credit card machine. Bank of America assigned the lease to Defendant First Data.

3.

Plaintiff filed for Chapter 13 Bankruptcy protection on July 31, 2013. Plaintiff's schedule G and Creditor Matrix listed Bank of America as a creditor for the "lease for merchant processing point of sale credit card machine". Plaintiff did not assume the lease.

4.

Defendant First Data received notice of Plaintiff's bankruptcy from this Court.

5.

Defendant First Data has continued to send demands for payment to Plaintiff.

6.

On August 20, 2013 Plaintiff's attorney sent a letter to Defendant, informing Defendant that they could not collect from Plaintiff, and included an additional notice of bankruptcy.

7.

Despite Plaintiff's attorney's demands that Defendant stop collecting from Plaintiff, Defendant has repeatedly attempted to collect from Plaintiff.

8.

As a direct and proximate result of Defendant's actions Plaintiff has suffered actual damages in the form of emotional distress, anger, anxiety, worry, frustration, among other negative emotions.

# CLAIM ONE

(AUTOMATIC STAY)

9.

Plaintiff incorporates the above by reference.

10.

Defendant's act of collecting from Plaintiff during Plaintiff's bankruptcy is a willful violation of the automatic stay imposed by 11 U.S.C. §362(k).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

    A.    Declaratory judgment that Defendant's conduct violated the Automatic Stay;

    B.    Compensatory Civil Contempt and actual damages;

    C.    Costs and reasonable attorney's fees;

    D.    Punitive Damages; and

    E.    For such other and further relief as the Court may deem just and proper.

DATED: September 11, 2013

    /s/ Keith D. Karnes
Keith D. Karnes, OSB # 03352
Attorney for Plaintiff